# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-2242

---

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Peter Clayton Wingate, | * | CR 02-324 RHK/AJB |
| | * | |
| Appellant. | * | |

---

Submitted: June 23, 2005
Filed: July 25, 2005

---

Before RILEY and BENTON, Circuit Judges, and HOVLAND,[1] District Judge.

---

RILEY, Circuit Judge.

Peter Clayton Wingate (Wingate) pled guilty to armed robbery of a bank. At sentencing, the district court[2] assessed a two-level enhancement under section 3B1.4 of the United States Sentencing Guidelines (Guidelines) for using a person under eighteen years old to commit the crime. On appeal, we affirmed Wingate's sentence.

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

SCANNED
SEP 15 2005
U.S. DISTRICT COURT ST. PAUL

United States v. Wingate, 369 F.3d 1028 (8th Cir. 2004). The United States Supreme Court later granted Wingate's petition for writ of certiorari, vacated our judgment, and remanded the case for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Wingate v. United States, 125 S. Ct. 985 (2005). For the reasons set forth below, we reinstate our previous opinion and again affirm Wingate's sentence.

## I. BACKGROUND

Wingate pled guilty to an armed robbery committed when he was eighteen years old. Wingate recruited and used two minors to commit the armed robbery. At sentencing, the district court applied a two-level enhancement under section 3B1.4 for use of a minor to commit the crime. The court sentenced Wingate to 78 months' imprisonment, the bottom of the Guidelines range. Wingate, 369 F.3d at 1029-30.

In his direct appeal, Wingate argued (1) the section 3B1.4 enhancement "exceeds its authorizing legislation and does not apply to a defendant under twenty-one," and (2) "the facts do not support a finding Wingate 'used' a minor." Id. at 1030. We affirmed, holding (1) section 3B1.4 validly applies to defendants under twenty-one years old, (2) the district court did not clearly err in finding Wingate used minors to commit the crime, and (3) the district court properly applied the section 3B1.4 enhancement. Id. at 1031-32.

Upon remand from the Supreme Court, we ordered the parties to file supplemental briefs within fifteen days after our court's *en banc* decision in United States v. Pirani, which was decided April 29, 2005. United States v. Pirani, 406 F.3d 543 (8th Cir. 2005) (en banc). Even though the parties have filed untimely briefs, see Fed. R. App. P. 26(a), we will consider the parties' briefs as we decide the remanded Booker issues in this case.

## II. DISCUSSION

Over a year after Wingate's sentencing hearing, the Supreme Court decided Blakely v. Washington, 542 U.S. 296, __, 124 S. Ct. 2531, 2543 (2004), which held portions of the State of Washington's sentencing guidelines unconstitutional, because they deprived defendants of their Sixth Amendment right to "insist that the prosecutor prove to a jury all facts legally essential to the punishment." While Wingate's petition for writ of certiorari was pending, the Supreme Court, in Booker, 125 S. Ct. at 746-56, applied the holding of Blakely to the Guidelines. The Booker Court excised two provisions of the Sentencing Reform Act of 1984, making the Guidelines "effectively advisory." Id. at 756-57. Under this new advisory Guidelines system, the district court must "consider Guidelines ranges," though the court is permitted "to tailor the sentence in light of other statutory concerns as well." Id. at 757 (citing 18 U.S.C. § 3553(a)). Courts of appeals now review sentences for unreasonableness. Id. at 765. The Court specifically observed that "we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review." Id. at 769.

Even after Booker, we continue to review the district court's factual findings for clear error and review its interpretation and application of the Guidelines de novo. United States v. Mashek, 406 F.3d 1012, 1016 (8th Cir. 2005); United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005). The unreasonableness standard applies only to the ultimate sentence the district court imposes, Mathijssen, 406 F.3d at 498, and the correct Guidelines range "remains the critical starting point for the imposition of a sentence under § 3553(a)," Mashek, 406 F.3d at 1016 n.4. For the reasons stated in our previous opinion, we conclude the district court properly applied the two-level enhancement under section 3B1.4. See Wingate, 369 F.3d at 1029-32.

In addition to the propriety of the enhancement, we must address the Booker error. Because Wingate did not assert a Sixth Amendment objection at his sentencing hearing, we review his sentence for plain error, Pirani, 406 F.3d at 549, a demanding

standard not easily met, United States v. Rodriguez-Ceballos, 407 F.3d 937, 940 (8th Cir. 2005) (quoting United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004)). Under Federal Rule of Criminal Procedure 52(b), "a court of appeals [has] a limited power to correct errors that were forfeited because not timely raised in district court." United States v. Olano, 507 U.S. 725, 731 (1993). To establish plain error, Wingate must show "(1) error, (2) that is plain, and (3) that affect[s] substantial rights." Johnson v. United States, 520 U.S. 461, 467 (1997) (internal quotations omitted) (alteration in original). If these three conditions are met, the court "may then exercise its discretion" to remand the case for resentencing "if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted) (alteration in original).

After Pirani, we can assume the district court committed a Booker error when it applied "the Guidelines as mandatory, and the error is plain, that is, clear or obvious, at this time." Pirani, 406 F.3d at 550. Thus, we must determine whether the error affected Wingate's substantial rights. In order to show such an effect, Wingate must establish "a reasonable probability that he would have received a more favorable sentence with the Booker error eliminated by making the Guidelines advisory." Id. at 551.

The record does not indicate the district court would have given Wingate a more lenient sentence absent Booker error. Although the district court sentenced Wingate at the bottom of the applicable Guidelines range, this "is insufficient, without more, to demonstrate a reasonable probability that the court would have imposed a lesser sentence absent the Booker error." Id. at 553. The district court made the equivocal statements that it "wasn't looking forward to" the sentencing hearing, and Wingate was "a 19-year-old person going off to prison for 78 months for something there is not any good reason why this happened." However, the court also found it "crystal clear" Wingate used two minors to commit the offense, and found "it very easy to conclude from a factual standpoint that [section 3B1.4] applies."

Despite Wingate's arguments to the contrary, the district court found no basis to depart downward due to the proximity in the ages between Wingate and the minors he used. The court also observed, "But the law is what it is and the guidelines, at least in my mind, were clear as to what the penalty in this case is." The court continued, noting it had read victim impact statements and heard testimony, then opining it was "just luck" that no one was physically injured during the armed robbery. The court concluded, "this is a serious offense and I think that's why it's treated this way by both the Congress and the Sentencing Commission."

As the Pirani court observed, "where the effect of the error on the result in the District Court is uncertain or indeterminate–where we would have to speculate–the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error." Id. (quoting United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005)). Because Wingate has not shown a reasonable probability the district court would have imposed a more lenient sentence under an advisory Guidelines system, we find no plain error in Wingate's sentence.

Finally, sentencing courts are required to "'take account of the Guidelines together with [the] other sentencing goals' enumerated in 18 U.S.C. § 3553(a)," and "review sentences for 'unreasonableness.'" Pirani, 406 F.3d at 548 (quoting Booker, 125 S. Ct. at 764-66) (alteration in original). In light of the Guidelines and the factors listed in section 3553(a), we conclude the sentence the district court imposed was not unreasonable.

## III. CONCLUSION

Having reconsidered Wingate's sentence in light of Booker, we affirm Wingate's sentence in all respects. We also conclude our earlier resolution of the issues involving the section 3B1.4 enhancement for use of a minor to commit a crime remains unchanged after Booker. Thus, we reinstate our opinion filed June 2, 2004.

______________________________



A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans